53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gyan SHANKAR; Roneel Rajneesh Shanker, aka Roneel Rajneesh
Shankar; Ronald Ritesh Shankar; Daya Devi
Shankar, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70476.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gyan Shankar and Daya Devi Shankar, and their minor children Roneel Rajneesh Shankar and Ronald Ritesh Shankar ("the Shankars"), ethnic Indian citizens of Fiji, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of their application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 3
 We review for abuse of discretion the BIA's denial of asylum, Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992), and withholding of deportation, Diaz-Escobar v. INS, 782 F.2d 1488, 1491 (9th Cir.1986). The BIA's underlying factual determinations are reviewed for substantial evidence. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986). We will uphold the BIA decision unless an alien demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 504 U.S. 478, 483-84 (1992).
 
 
 4
 To qualify for asylum, an alien must demonstrate that he has a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. Secs. 1158, 1101(a)(42); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Particularized individual persecution, not merely conditions of discrimination, must be shown before asylum will be granted. Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995); Sanchez-Trujillo, 801 F.2d at 1574. Persecution is defined as "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988).
 
 
 5
 A well-founded fear of persecution has both objective and subjective components. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The subjective component may be satisfied by "an applicant's credible testimony that he genuinely fears persecution." Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective inquiry "requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994) (internal citations and quotations omitted).
 
 
 6
 To qualify for withholding of deportation, an alien must meet a higher standard and present evidence of a clear probability of persecution based on one of the five asylum grounds. INS v. Stevic, 467 U.S. 407, 430 (1984); 8 U.S.C. Sec. 1253(h).
 
 
 7
 The Shankars contend that the BIA erred by finding that they failed to meet the burden of establishing a well-founded fear of persecution. This contention lacks merit.
 
 
 8
 In support of the Shankars's asylum application, Gyan Shankar testified that, while he was working as a taxi driver, he once was attacked and robbed by four ethnic Fijians. According to Shankar's testimony, he had picked up the four men at 2:30 in the morning and had driven them to the outskirts of town. The four men were apparently under the influence of alcohol and did not have the funds to pay for the taxi fare. They subsequently hit Shankar with a tire iron, pulled his hair, and stole all of the money in Shankar's taxi. They also said to Shankar that, because he is Indian, he should go back to India. When Shankar went to the police to report the robbery, the police did not pursue the matter because Shankar admitted that he could not identify the four men.
 
 
 9
 Shankar also testified that ethnic Fijians have harassed him and his family by throwing rocks at his home and beating his children on their way to school. Shankar testified that an ethnic Fijian threw hot water on and burned his wife. But the Shankars never pressed charges against the ethnic Fijian who claimed it was an accident. Shankar failed to allege, however, that any of the ethnic Fijians implicated in the attacks were connected to the Fijian government or that the Shankars were singled out on account of their race, religion, or political opinion. See Prasad, 1995 U.S.App. LEXIS 1874 at * 9.
 
 
 10
 While the Shankars may have a subjective fear of persecution upon their return to Fiji, they did not present specific evidence to support an objectively reasonable, well-founded fear of persecution. See Shirazi-Parsa, 14 F.3d at 1427. Moreover, the facts here are not sufficient to compel support for Gyan Shankar's claim of past persecution. See Prasad, 1995 U.S.App. LEXIS 1874 at * 8-9 (no past persecution established when an Indian Fijian was punched, kicked, and then detained by ethnic Fijians for four to six hours).
 
 
 11
 There was substantial evidence on the whole record supporting the IJ's determination that the Shankars's fear of persecution is not well-founded. See Sanchez-Trujillo, 801 F.2d at 1578. Accordingly, the BIA did not abuse its discretion by affirming the IJ's denial of asylum. See Abedini, 971 F.2d at 191. Because the standard for withholding of deportation is higher than the standard for a grant of asylum, the BIA did not abuse its discretion by affirming the IJ's denial of withholding of deportation. See Diaz-Escobar, 782 F.2d at 1491.
 
 
 12
 To the extent that the Shankars contend that the BIA erred by considering the Department of State's Bureau of Human Rights and Humanitarian Affairs ("BHRHA") opinion letter, this contention lacks merit. The BHRHA opinion letter was introduced as evidence in the IJ hearing, and the BIA did not abuse its discretion by considering it. See Shirazi-Parsa, 14 F.3d at 1427 (the BIA's conclusion should be based on the evidence presented).
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3